# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 11-CR-100-LRR |
| vs. | **ORDER** |
| DONALD K. WASHBURN, | |
| Defendant. | |

_____

## I. INTRODUCTION

The matter before the court is the government's "Motion in Limine" ("Motion") (docket no. 73).

## II. PROCEDURAL HISTORY

On September 28, 2011, the government filed a forty-nine-count Second Superseding Indictment (docket no. 47) against Defendant. Counts 1 through 8 charge Defendant with committing wire fraud for the purpose of executing and attempting to execute a scheme and artifice to defraud and obtain money by means of false and fraudulent representations and promises in violation of 18 U.S.C. § 1343. The alleged scheme involved fraudulently obtaining investments for a dice game called Dibocca. Counts 1 through 8 also contain a forfeiture allegation.

Counts 9 through 31 charge Defendant with committing wire fraud for the purpose of executing and attempting to execute a scheme and artifice to defraud and obtain money by means of false and fraudulent representations and promises in violation of 18 U.S.C. § 1343. The alleged scheme involved fraudulently obtaining investments for a mining business. Counts 9 through 31 also contain a forfeiture allegation.

Counts 32 through 36 charge Defendant with knowingly engaging, causing and attempting to engage in monetary transactions in criminally derived property in violation

of 18 U.S.C. § 1957. The alleged financial transactions each involved wire fraud proceeds in excess of $10,000. Counts 32 through 36 also contain a forfeiture allegation.

Finally, Counts 37 through 49 charge Defendant with knowingly and willfully making false and fraudulent material statements, representations and omissions to the United States Probation Office ("USPO") in connection with the USPO's supervision of Defendant in violation of 18 U.S.C. § 1001(a). Specifically, Defendant allegedly failed to disclose expenditures, cash inflows and amounts received, falsely claimed he did not have a checking/savings account, falsely claimed he had not opened any new checking, savings or line of credit accounts and failed to disclose his employment with Iron Ore International, LLC.

On January 30, 2012, the government filed the Motion. On February 6, 2012, Defendant filed a Resistance (docket no. 84). On February 9, 2012, the undersigned held a final pretrial conference ("FPTC"). At the FPTC, the undersigned heard arguments on the Motion. The Motion is fully submitted and ready for decision.

### III. ANALYSIS

In the Motion, the government seeks to exclude evidence regarding: "(1) [D]efendant's alleged involvement with an associate's post-indictment purchase of the Cumberland Mine; (2) [D]efendant's post-indictment repayment of principal to one of his victims; (3) the employment record of a Probation Officer who the government is not calling as a witness; and (4) [D]efendant and his son's dispute with Garling Construction." Motion at 1. The government contends that this evidence is irrelevant to the current charges against Defendant or inadmissible under Federal Rule of Evidence 403. In his two-page Resistance, Defendant does not point to any specific evidence that he intends to offer but, rather, merely notes that he has a constitutional right to cross-examine and states that relevance is broadly defined. Defendant then "requests that the [c]ourt not exclude the evidence as proposed by the government in its motion, until such time as relevance and relative probative value are determined by trial proceedings." Resistance at 2.

2

Federal Rule of Evidence 402 provides that "[i]rrelevant evidence is not admissible." "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *see also United States v. Mora*, 81 F.3d 781, 783 (8th Cir. 1996) ("Relevance of evidence 'is established by any showing, however slight, that [the evidence] makes it more or less likely that the defendant committed the crime in question.'" (alteration in original) (quoting *United States v. Casares-Cardenas*, 14 F.3d 1283, 1287 (8th Cir. 1994))). Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Given the sparseness of Defendant's Resistance, the court does not know if Defendant intends to offer any evidence falling into the above four categories, and, if he does, how that evidence is relevant. At the FPTC, Defendant had a second opportunity to explain how such evidence is relevant but, again, failed to do so. As the government notes in its Motion, Defendant's post-indictment conduct has only "minimal probative value" as to Defendant's state of mind at the time he engaged in the charged conduct. *United States v. Radtke*, 415 F.3d 826, 840 (8th Cir. 2005). Consequently, with the information the court currently has before it, the court finds that the probative value of Defendant's post-indictment conduct is outweighed by the dangers and considerations listed under Rule 403. *See id.* at 840-41 (holding that "there is no doubt that self-serving exculpatory acts performed substantially after a defendant's wrongdoing is discovered are of minimal probative value as to his state of mind at the time of the alleged crime" and upholding the district court's decision to exclude evidence of the defendant's post-indictment conduct under Rule 403). Additionally, without any further explanation or information from Defendant, the court fails to see how evidence regarding a former United

3

States Probation Officer's employment record is relevant.  Similarly, the court finds that evidence regarding an Iowa civil case involving Garling Construction is also irrelevant.

## IV.  CONCLUSION

Thus, for the reasons stated in the government's Motion and in light of Defendant's sparse Resistance, the court deems it appropriate to preliminarily exclude the evidence. Accordingly, the government's Motion in Limine (docket no. 73) is **GRANTED**.  The parties must not directly or indirectly refer to or elicit answers from witnesses on the prohibited subjects.  Each party is charged with the responsibility of cautioning its witnesses as to the substance of this Order.  If during the presentation of evidence a party believes that a prohibited subject has become relevant, the party may request an opportunity to argue relevance outside the presence of the jury.

**IT IS SO ORDERED.**

**DATED** this 10th day of February, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA